**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1993**

STARSHA M. SEWELL, a/k/a Darlene F.,

Plaintiff - Appellant,

v.

JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; U. S. DEPARTMENT OF JUSTICE; BRIAN DRISCOLL, in his official capacity as Acting Director of the Federal Bureau of Investigation; FEDERAL BUREAU OF INVESTIGATION,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Brendan A. Hurson, District Judge.  (8:22-cv-02864-BAH)

Submitted:  January 23, 2025                    Decided:  January 27, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Starsha M. Sewell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Starsha M. Sewell appeals the district court's orders (a) granting Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss or, in the alternative, for summary judgment on, Sewell's pro se civil action advancing employment discrimination and constitutional claims; and (b) denying Sewell's postjudgment motion, filed pursuant to Fed. R. Civ. P. 60(b)(4), and likewise denying relief under Fed. R. Civ. P. 59(e).  Upon review of the appealed-from orders in conjunction with the arguments advanced in Sewell's informal brief, *see Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."), we discern no reversible error.

Specifically, Sewell's challenges to District Judge Hurson's authority to act, as well as her broad allegations of fraud, bias, and impropriety by the district court and the Attorney General, are meritless and find no support in the record.  And although Sewell alleges error in the court adjudicating Defendants' dispositive motion despite her failure to perfect service on the FBI, as the district court explained, counsel consented to service by entering an appearance and pursuing a substantive, dispositive motion.  *Cf. Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.").  Nor was the district court obligated to hold a hearing prior to deciding the dispositive motion as whether a hearing is necessary is reserved to the district court's discretion, *see* Fed. R. Civ. P. 78(b), and deciding dispositive motions without a hearing "is unquestionably constitutional," *Wilkins v. Rogers*, 581 F.2d 399, 405 (4th Cir. 1978).

2

Finally, there was no abuse of discretion in the court's handling of Sewell's postjudgment motion in that the court afforded it the most liberal construction by considering the motion as filed pursuant to both Rule 59(e) and Rule 60(b)(4).

Accordingly, we affirm the district court's orders. *Sewell v. Garland*, No. 8:22-cv-02864-BAH (D. Md. Sept. 18, 2024; filed Oct. 3, 2024 & entered Oct. 4, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*